
NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| EFORCE GLOBAL, INC., a California corporation, | ) ) ) | No. 10-16441 |
| | ) | D.C. No. 3:09-cv-01984-SC |
| Plaintiff – Appellant, | ) ) | |
| | ) | **MEMORANDUM**[*] |
| v. | ) ) | |
| BANK OF AMERICA CORPORATION, a Delaware corporation, | ) ) ) ) | |
| | ) | |
| Defendant – Appellee. | ) ) ) | |

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, Senior District Judge, Presiding

Submitted June 15, 2011[**]
San Francisco, California

Before:     FERNANDEZ, BYBEE, and MURGUIA, Circuit Judges.

eForce Global, Inc. appeals the district court's grant of summary judgment

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

to Bank of America Corporation on eForce's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. We affirm.

We have reviewed the record de novo, as we must,[1] and agree with the district court that on the evidence presented,[2] no reasonable trier of fact could determine[3] that eForce had shown that it and Bank of America had entered into a contract.[4] Thus, it could not show a breach of contract,[5] and by the same token it

---

[1] Unocal Corp. v. Kaabipour, 177 F.3d 755, 762 (9th Cir. 1999).

[2] The district court did not abuse its discretion in admitting evidence. See Obrey v. Johnson, 400 F.3d 691, 694 (9th Cir. 2005); Norris v. Sysco Corp., 191 F.3d 1043, 1047 (9th Cir. 1999). eForce's assertion in its opening brief that the district court could not rely upon deposition evidence of Bank of America employees that was submitted by the bank is otiose. See Fed. R. Civ. P. 56(c)(1); Celotex Corp. v. Catrett, 477 U.S. 317, 324–25, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1028 (9th Cir. 2001). We decline to consider other evidentiary claims not fleshed out in eForce's opening brief. See Birdsong v. Apple, Inc., 590 F.3d 955, 959 (9th Cir. 2009); Halicki Films, LLC v. Sanderson Sales & Mktg., 547 F.3d 1213, 1229–30 (9th Cir. 2008); Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).

[3] See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986); Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010).

[4] See Cal. Civ. Code §§ 1550, 1565, 1580; City of Moorpark v. Moorpark Unified Sch. Dist., 54 Cal. 3d 921, 930, 819 P.2d 854, 860, 1 Cal. Rptr. 2d 896, 901 (1991); Bustamante v. Intuit, Inc., 141 Cal. App. 4th 199, 208–09, 45 Cal. Rptr. 3d 692, 698–99 (2006); Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1388, 272 Cal. Rptr. 387, 395 (1990).

[5] See Bustamante, 141 Cal. App. 4th at 215, 45 Cal. Rptr. 3d at 704.

2

could not show breach of an implied covenant of good faith and fair dealing.[6]

AFFIRMED.

---

[6]See Xin Liu v. Amway Corp., 347 F.3d 1125, 1138 (9th Cir. 2003); Gruenberg v. Aetna Ins. Co., 9 Cal. 3d 566, 577, 510 P.2d 1032, 1040, 108 Cal. Rptr. 480, 488 (1973).